FRANK FERRARA, Respondent, v. PAVILLON ROYAL ROLLER SKATING RINK, INC., and Others, Defendants, and LEROY R. KINNEY, Sued Herein as " GEORGE " R. KINNEY, Appellant.— Action for an accounting and for the enforcement of a claimed contract to issue to the plaintiff one-third of the stock of the corporate defendant. The contract invoked is claimed to be one of joint venture. Order denying motion of defendant Kinney, under Civil Practice Rule 112, to dismiss the complaint and for judgment on the pleadings reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs. Neither paragraph 12 of the complaint nor any other paragraph alleges any facts indicating that Kinney assumed any personal obligation or agreed to do any act with reference to the claimed joint venture said to be evidenced in Exhibit A, annexed to the complaint. The obligations in that instrument so far as Kinney is concerned were assumed, at best, by the corporate defendant, against which plain-tiff may enforce his claim if it has validity. (1 Williston on Contracts [Rev. ed.], § 306.) We, of course, do not pass upon plaintiff's rights, if any, against Polakow. There is no allegation which indicates that, assuming Kinney made any promises in reference to the venture referred to in Exhibit A, any consideration flowed to Kinney for such promise. The statutory change in respect of want of con-sideration is no aid to the plaintiff under the facts here alleged (Laws of 1936,

chap. 281)■ as that provision is limited to certain forms of contract and requires a writing to be signed by the one sought to be charged with liability. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.